WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willard John, | No. CV-18-08244-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

This case was filed October 1, 2018. After numerous extensions of time for various reasons, the Magistrate Judge to whom this this case was assigned issued a Report and Recommendation on February 28, 2023. Objections to the Report and Recommendation are due by March 8, 2023.

Petitioner has filed an opposed motion to extend his time to file objections by 30 days; specifically until April 11, 2023. Petitioner's basis for this request is his counsel's commitments in other cases. At some point, this case has to be counsel's priority, and that point is now. Over the last four and a half years, this case has had voluminous litigation, including a four-day evidentiary hearing; thus, counsel should already be very familiar with the facts and issues. Accordingly, the Court will grant a brief extension of time, but finds counsel does not need 44 days to file objections. Additionally, absent extraordinary circumstances, counsel should not expect any further extensions of this deadline.

Additionally, the Court notes that the Report and Recommendation (Doc. 117) was filed under seal. However, neither the motion to vacate (Doc. 1) nor any of the transcripts

from the evidentiary hearing are sealed. Therefore, the Court is questions whether legally the Report and Recommendation should be sealed.

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 597 (1978). Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II* ), 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.,* 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Further, even if some of the Report and Recommendation can legally be sealed, that does not justify sealing the whole document. *See Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access.").

Therefore, within the deadlines set forth below, the parties must either: 1) file a stipulation to unseal the Report and Recommendation; or 2) file a joint motion to seal only those portions of the Report and Recommendation that either party can legally justify (with appropriate citations) sealing. If the parties select option 2, they must attach to the joint motion a redacted, unsealed version of the Report and Recommendation that they agree can be filed unsealed. For example, the Report and Recommendation at pages 2-3 has a discussion of the governing law. The Court can think of no basis to seal this portion of the Report and Recommendation.

Based on the foregoing,

**IT IS ORDERED** that the unopposed motion for extension of time to file objections to the Report and Recommendation (Doc. 118) is granted to the limited extent that objections to the Report and Recommendation (from either party) are due by March 30, 2023.

**IT IS FURTHER ORDERED** that either a stipulation to unseal the Report and Recommendation, or a joint motion to seal only portions of the Report and Recommendation (as specified above) is due by March 17, 2023.

Dated this 3rd day of March, 2023.

James A. Teilborg
Senior United States District Judge